FILED

2016 FEB 24  AM 10: 53

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:16-cv-327-Orl-31 KRS

CHARLES CHALMERS,

    Plaintiff,

vs.

ALLIED CREDIT CONSULTANTS,
LLC, a Florida limited liability company,

    Defendant.
_____/

# VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, CHARLES CHALMERS, by and through his undersigned counsel, hereby files his Complaint, sues the Defendant, ALLIED CREDIT CONSULTANTS, LLC, and alleges as follows:

    1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

    2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within this district.

    3.    This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

4. Plaintiff, CHARLES CHALMERS (hereinafter referred to as "Plaintiff" or "CHALMERS"), brings this action for illegal practices of Defendant ALLIED CREDIT CONSULTANTS, , who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff.

5. Plaintiff alleges that ALLIED CREDIT CONSULTANTS, and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or

statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 601 F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTY-PLAINTIFF

10. CHALMERS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

11. CHALMERS is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

12. CHALMERS is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

## II. PARTIES-DEFENDANT

13. ALLIED CREDIT CONSULTANTS, is a Florida limited liability company having its principal place of business in Orange County, Florida and at all times relevant to this complaint, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

14. ALLIED CREDIT CONSULTANTS, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

15. ALLIED CREDIT CONSULTANTS, is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by Fla. Stat. § 559.55(7).

## IV. FACTS

16. Plaintiff, CHARLES CHALMERS, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

17. The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

18. During January and February, 2016, Plaintiff received a telephones calls

from the Defendant, though its employees. The originating telephone number was 8888557131.

19. In the telephone calls referred to in the preceding paragraph:

   a. Defendant's employees told Plaintiff that they were some kind of law office and referred to themselves as a law firm.

   b. Defendant's employees told Plaintiff that if he did not set up a payment plan that they would be sending my information out to some kind of credit bureau that would intercept money out of any bank account he had; and

   c. Defendant's employees told Plaintiff that they would garnish his wages from his work and out of his paycheck.

20. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements about intercepting his funds and garnishing his wages was a threat in order to coerce him into paying a debt.

21. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements about intercepting his funds and garnishing his wages was a threat in order to coerce him into paying a debt and in violation of Section 806(1) of the Fair Debt Collection Practices Act.

22. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements about intercepting his funds and garnishing his wages was a threat in order to coerce him into paying a debt and in violation of Section 807(4) of the Fair Debt Collection Practices Act.

23. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements about intercepting his funds and garnishing his wages was a threat in order to coerce him into paying a debt and in violation of Section 807(10) of the Fair Debt Collection Practices Act.

24. Under the "least sophisticated consumer" standard, Plaintiff reasonably believed that Defendant's statements about intercepting his funds and garnishing his wages was a threat in order to coerce him into paying a debt and in violation of Section 808(6) of the Fair Debt Collection Practices Act.

25. The foregoing statements by Defendant about intercepting his funds and garnishing his wages was false, misleading and deceptive.

26. At all times material hereto, each of the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4).

27. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

28. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

29. The allegations in paragraphs 1 through 28 are incorporated by reference

herein.

30. The communication from the Defendant in the form of the telephone calls described in paragraph 18 hereof was in violation of Section 807 of the FDCPA, 15 U.S.C. U.S.C. §1692e which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \* \*
>
> (2) The false representation of—
>
> (A) the character, amount, or **legal status of any debt**; (emphasis supplied).
>
> \* \* \* \*
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \* \* \* \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Chalmers v. Allied Credit Consultants, LLC*
Page 8

---

(11)   The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

31.   The acts and omissions of Defendant' agents, and the other debt collectors employed as agents by Defendant as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

   a.   To declare that Defendant has violated the FDCPA;

   b.   To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

   c.   To award the Plaintiff statutory damages not to exceed $1,000.00 against Defendant;

   d.   To award Plaintiff reimbursement for such expenses as have been required

*Chalmers v. Allied Credit Consultants, LLC*
Page 9

---

to expend to prosecute this claim;

    e.    To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

§1692k;

    f.    To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

32.    The allegations in paragraphs 1 through 31 are incorporated by reference herein.

33.    Plaintiff, CHARLES CHALMERS, is an individual who resides in Volusia County, Florida.

34.    Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

35.    Defendant is a person as defined in §1.01(3), Fla. Stat.

36.    Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

37.    Defendant, ALLIED CREDIT CONSULTANTS, is engaged in collecting debts in this state with its principal place of business located in Dade County, Florida.

*Chalmers v. Allied Credit Consultants, LLC*
Page 10

___

38. Section 559.72 of the Florida Statutes provides, in part, as follows:

    Prohibited practices generally. — In collecting consumer debts, no person shall:

    *        *        *

    (4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained;

    *        *        *

    (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

39. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

40. The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

*Chalmers v. Allied Credit Consultants, LLC*
Page 11

---

41.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

42.    All conditions precedent to the filing of this action have occurred, been fulfilled fulfilled or waived.

43.    As a result of the above violations of the Florida Consumer Collection Practices Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

44.    Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

45.    Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

46.    As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant are liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

47.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

48.    Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

- B. That Defendant be enjoined from any and all further illegal collection practice.

- C. Actual damages pursuant to Fla. Stat. §559.77(2).

- D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

- F. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

- G. For such other and further relief as may be just and proper.

DATED this 16 February 2016.

_____
CHARLES CHALMERS

SWORN TO and SUBSCRIBED before me this 23 day of February, 2016 by CHARLES CHALMERS, who produced a Florida Driver's License No. C456-158-87-215-0 and who took an oath that the matters set forth herein are true and correct.

_____
Notary Public

[Notary seal: CALVIN PEOPLES, MY COMMISSION #FF066235, EXPIRES October 27, 2017, (407) 398-0153, FloridaNotaryService.com]

Commission # FF666235
State of Florida at Large
My Commission Expires: Oct 27 2017

__X__   Produced photo identification

*Chalmers v. Allied Credit Consultants, LLC*
Page 13

---

February 24, 2016

/s/ N. James Turner
N. James Turner, Esq.
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue
Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com